1   TOM LALLAS (SBN: 66512)
        tlallas@lsl-la.com
2   LEVY, SMALL & LALLAS
    A Partnership Including Professional Corporations
3   815 Moraga Drive
    Los Angeles, CA 90049
4   Telephone: (310) 471-3000
    Facsimile: (310) 471-7990
5

6   Attorneys for Defendants

7

8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11                  **WESTERN DIVISION**

12

13   A. HARRISON BARNES, individually          Case No. 2:14-cv-4098-ODW (MRWx)
     and on behalf of the A. Harrison Barnes
14   Trust—2005;
                                                **EVIDENTIARY OBJECTIONS TO**
15              Plaintiff,                       **PLAINTIFF A. HARRISON**
                                                **BARNES' DECLARATION IN**
16        v.                                    **SUPPORT OF HIS APPLICATION**
                                                **FOR A RIGHT TO ATTACH**
17                                              **ORDER AND WRIT OF**
     CROWN JEWELS, LLC, a California            **ATTACHMENT**
18   limited liability company; KONA
     CROWN HOLDINGS, LLC, a
19   California limited liability company;      Date:      March 2, 2016
     MALIBU INVESTMENT GROUP,                   Time:      9:30 a.m.
20   LP, a California limited partnership;      Courtroom: 550
     32430 PCH, LLC, a California limited
21   liability company; REPUBLIC               *Honorable  Michael R. Wilner,*
     WESTERN INVESTMENTS CO.,                   *United States Magistrate Judge*
22   LLC, a California limited liability
     company; MAYER SEPARZADEH,
23   an individual; DAVID YORK, an
     individual; ANNETTE SEPARZADEH,
24   an individual; and DOES 1 through 10,
     inclusive,
25

26              Defendants.

27

28

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

Defendants Crown Jewels, LLC, Kona Crown Holdings, LLC, Malibu Investment Group, LP, 32430 PCH, LLC, Mayer Separzadeh, Annette Separzadeh, Republic Western Investments Co., LLC, and David York (collectively, "Defendants") hereby object to the Declaration of Andrew Harrison Barnes, filed herein on January 20, 2016 under the caption "Plaintiff A. Harrison Barnes' Declaration in Support of His Application for a Right to Attach Order and Writ of Attachment" ("Barnes Decl."), on the following grounds:

| No. | Subject of Objection | Grounds for Objection |
|-----|----------------------|------------------------|
| 1. | Barnes Decl., paragraph 3, page 4, lines 14-17: "3. My Application for an RTAO and Writ of Attachment is based on a group of related agreements that I executed for the purchase of a single-family residence and adjacent lot located at 32430 Pacific Coast Highway (the residence) and 32434 Pacific Coast Highway (the lot), in Malibu, California." | Improper opinion, argument or speculation [FRE 701]; lack of authentication [FRE 901]; best evidence rule [FRE 1002] |
| 2. | Barnes Decl., paragraph 4, page 4, line 21-page 5, line 1: "4. I am informed and believe and thereon allege that the Sellers (as hereinafter defined) of the Property to me acquired the Property on or about September 28, 2006 by paying $200,000 at a Trustee's sale on a foreclosure. Attached hereto as Exhibit "B" are true and correct copies of the Trustee's Deed Upon Sale for each of the house and lot that comprise the Property. I am informed and believe and thereon allege that the Sellers who purchased the Property at the Trustee's sale did not pay the purchase price in cash but rather as a so-called 'credit bid' of indebtedness allegedly owed to them by the owner of the Property who was being foreclosed upon." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; lack of authentication [FRE 901]; best evidence rule [FRE 1002] |

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

| 3. | Barnes Decl., paragraph 5, page 5, lines 2-7: "5. On or about September 5, 2007, I contemporaneously executed a set of agreements (the 'Transaction Documents' or the 'Agreement') that, when read together, document the transaction in which I purchased the Property. Although nominally designated as a so-called 'lease-option,' the substance of the Transaction Documents taken as a whole constitute a purchase agreement for an installment sale of the Property, as I discuss in greater detail below." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; lack of authentication [FRE 901]; best evidence rule [FRE 1002] |
|---|---|---|
| 4. | Barnes Decl., paragraph 6, page 5, lines 8-13: "6. The Option Agreement that I executed on or about September 5, 2007 (the 'Option Agreement') is attached hereto as Exhibit 'C,' but without exhibits. Because the exhibits to the Option Agreement are the legal description of the Property and the other agreements separately attached hereto as exhibits, I have omitted exhibits from this and the other agreements (except as noted for the Amended Agreement below) to avoid burdening the record with duplicates." | Best evidence rule [FRE 1002] |
| 5. | Barnes Decl., paragraph 8, page 5, lines 20-24: "8. The Option Agreement also attached as exhibits and incorporated by reference a Home Purchase Agreement and a Lot Purchase Agreement (collectively the 'Purchase Agreement') for the Property. True and correct copies of the Home Purchase Agreement and the Lot Purchase Agreement are attached hereto as Exhibit 'E.'" | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; best evidence rule [FRE 1002] |
| 6. | Barnes Decl., paragraph 9, page 5, lines 25-27: "9. The Option Agreement, the Lease Agreement, the Lease Addendum and the two- | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper |

| | | | |
|---|---|---|---|
| | | part Purchase Agreement are hereinafter sometimes collectively referred to as the 'Agreement' or the 'Transaction Documents.'" | opinion, argument or speculation [FRE 701]; best evidence rule [FRE 1002] |
| 7. | | Barnes Decl., paragraph 10, page 6, lines 1-2 and footnote 1: <br><br> "Subject to the proviso noted in the footnote immediately below, … <br><br> "Defendants contend, and I dispute, that the Amended Agreement had attached to it as Exhibit C a document captioned 'Arbitration Provisions.' I dispute that the 'Arbitration Provisions' were attached to the Amended Agreement when I executed it in April, 2009. I further dispute that I signed the 'Arbitration Provisions,' and I deny that the signature on the allegedly signed copy of the 'Arbitration Provisions' on which Defendants rely is in fact my signature. Attached hereto as Exhibit 'G' is a copy of the document captioned 'Arbitration Provisions' that Defendants contend is a true and correct copy of the Arbitration Provisions that were attached to the Amended Agreement as Exhibit C thereto." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; best evidence rule [FRE 1002] |
| 8. | | Barnes Decl., paragraph 11, page 6, lines 4-6: <br><br> "11.  My Application for an RTAO and Writ of Attachment is premised on the breach of the Agreement and Amended Agreement and violations of applicable law by the individuals and entities who sold the Property to me." | Lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802] |
| 9. | | Barnes Decl., paragraph 15, page 7, lines 9-12: <br><br> "15.  Two (2) Defendants – Republic Western Investments Co., LLC ('Republic Western') and David York ('York') – were neither an Owner nor a Seller of the Property when I purchased it, were not signatories of the | Lack of foundation or personal knowledge [FRE 602]; improper opinion, argument or speculation [FRE 701]; best evidence rule [FRE 1002] |

| | | Agreement or Amended Agreement and have no contractual privity with me." | |
|---|---|---|---|
| | 10. | Barnes Decl., paragraph 16, page 7, lines 13-16 and footnote 2:<br><br>"16. Although York and Republic Western were not Sellers of the Property to me, I allege that they, like numerous other non-Seller individuals and entities, have liability to me based on their involvement with Sellers, the Property or the transaction.<br><br>"For example, I allege that the brokers who represented both Sellers and me in connection with the Property and Sellers' counsel have liability to me for *inter alia* aiding-and-abetting Sellers' violations of the Racketeer Influenced and Corrupt Organizations provisions of the Organized Crime Control Act of 1970 ('RICO'), 18 U.S.C. § 1961 *et seq. See* First Amended Complaint, *Barnes v. Weiss, et al.*, LASC Case No. BC593733 (the 'Superior Court Action'), attached hereto as Exhibit 'H' and included in the Request for Judicial Notice filed with the Application." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802] |
| | 11. | Barnes Decl., paragraph 17, page 7, line 17-page 8, line 5:<br><br>"17. In September 2015, I filed an action in Los Angeles County Superior Court to allege my claims arising from the sale of the Property to me against those individuals and entities – including Republic Western and York – that were not signatories of the Agreement or Amended Agreement, that were not Owners or Sellers of the Property to me, that were not named as defendants in the Federal litigation (other than York and Republic Western) and that have no contractual privity with me. A true and correct copy (without exhibits) of my First | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |

4

| | | | |
|---|---|---|---|
| | | Amended Complaint in *Barnes v. Weiss, et al.*, LASC Case No. BC593733 (the 'Superior Court Action'), as amended on October 1, 2015 is attached hereto as Exhibit 'H.' The Superior Court Action is also attached to and made a part of Plaintiff's Request for Judicial Notice." | |
| | 12. | Barnes Decl., paragraph 18, page 8, lines 6-9:<br><br>"18.  I am informed and believe that subsequent to September 2011, when I left the Property due to Sellers' breaches of the Agreement and Amended Agreement, transfers of various of Sellers' interests in the Property left Republic Western and York with ownership or profit participation interests in the Property. " | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802] |
| | 13. | Barnes Decl., paragraph 19, page 8, lines 10-12:<br><br>"19.  As parties that currently own or control interests in the Property, Republic Western and York have the ability to frustrate the collection of any judgment I might receive." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |
| | 14. | Barnes Decl., paragraph 20, page 8, lines 13-18:<br><br>"20.  Since April 2014, I have extensively researched the business activities of Defendants. I learned that several other victims have claimed that one or more of the Defendants utilized sham or fraudulent transfers and shell entities to avoid collection of debts and judgments. A number of these allegations are documented in the complaints that are the subject of Plaintiff's Request for Judicial Notice accompanying this Application." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; lack of authentication [FRE 901]; best evidence rule [FRE 1002]; improper character evidence [FRE 404] |

| | | | |
|---|---|---|---|
| 15. | Barnes Decl., paragraph 21, page 8, line 19-page 9, line 1 and footnote 3:<br><br>"21.  For example, I am informed and believe that Defendant Mayer Separzadeh has been sued for conspiring with Ezri Namvar ('Namvar') to steal millions of dollars from his business partners through forgery and breaching his fiduciary duties. *See* Fifth Amended Complaint, *Parviz Lavi vs. Ezri Namvar*, L.A. Super. Ct. Case No. BC361357, included in the Request for Judicial Notice.<br><br>"Namvar, also known as the 'Madoff of Beverly Hills,' induced victims to deposit approximately $25 million with Namvar's company, Namco Financial Exchange Corp., which held itself out as a 'qualified intermediary' for real estate transactions commonly known as 'like-kind exchanges,' 'tax-free exchanges,' or '1031 exchanges.' Instead of safekeeping the victims' money as promised, Namvar used the money for unauthorized purposes, including paying off creditors and investors of Namvar's investment company, Namco Capital Group, Inc. Namvar was found guilty of four wire fraud charges relating to his unlawful scheme, and on October 11, 2011, Namvar was sentenced to seven years in federal prison and ordered to pay approximately $21 million in restitution. A true and correct copy of Namvar's sentence is included in and made a part of Plaintiff's Request for Judicial Notice." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; lack of authentication [FRE 901]; best evidence rule [FRE 1002]; improper character evidence [FRE 404] | |
| 16. | Barnes Decl., paragraph 22, page 9, lines 2-6:<br><br>"22.  I am also informed and believe that Defendants Crown Jewels LLC and Kona Crown Holdings LLC have been accused of fraudulently transferring interests out of one shell entity to another entity owned and controlled by York. *See Brunswick Real Estate* | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or | |

| | | | |
|---|---|---|---|
| | | *Mgmt. LP v. Crown Jewels LLC*, L.A. Super. Ct. Case No. BC427094, included in and made a part of the Request for Judicial Notice." | speculation [FRE 701]; hearsay [FRE 802]; lack of authentication [FRE 901]; best evidence rule [FRE 1002]; improper character evidence [FRE 404] |
| | 17. | Barnes Decl., paragraph 23, page 9, lines 7-12: "23.  I am further informed and believe based on my research that Separzadeh and York own at least fifty-three entities across the country and have the resources and reputation for rapidly transferring money and title from one entity to another to avoid collection of judgments and debts. Attached hereto as Exhibit 'I' is a true and correct copy of a graphical representation of the tangled web of entities owned or controlled by York or Separzadeh that I have discovered thus far." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; lack of authentication [FRE 901]; best evidence rule [FRE 1002]; improper character evidence [FRE 404] |
| | 18. | Barnes Decl., paragraph 24, page 9, lines 13-22: "24.  As an example of the manner in which Defendants utilize their labyrinth of shell companies to frustrate creditors and judgments, I am informed and believe and thereon allege that in or about September 2013, Defendants Mayer and Annette Separzadeh transferred their interest in the residence portion of the Property to Defendant Republic Western for $850,000. At the time of the transfer from the Separzadeh Defendants to Defendant Republic Western, the appraised value of the residence for tax purposes was over $7.1 million. Attached hereto as Exhibit 'J' is a true and correct copy of a 'Property Profile' dated September 1, 2015 for 32430 PCH (the residence), showing the details of the transfer from the Separzadehs to Republic Western and the appraised tax value of the Property." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; lack of authentication [FRE 901]; best evidence rule [FRE 1002]; improper character evidence [FRE 404] |

7

| 19. | Barnes Decl., paragraph 25, page 9, line 23-page 10, line 1:<br><br>"25. For the foregoing reasons, I am seeking an RTAO and Writ of Attachment against Republic Western and York as well as Sellers." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |
|---|---|---|
| 20. | Barnes Decl., paragraph 28, page 10, lines 13-23:<br><br>"28. In part to facilitate this Application, Plaintiff intends to file a Motion for Leave to Amend the currently-operative FAC in this action. The proposed Second Amended Complaint in this action will allege those causes of action that arise from the facts alleged in the initial complaint and the FAC in this action prior to the action being stayed for arbitration. The facts and causes of action alleged in the Second Amended Complaint will be the same as those alleged in the Amended Statement of Claim in the Arbitration, and will make only those changes to the Amended Statement of Claim as are necessary to address the Second Amended Complaint to the Court, Defendants and issues in the Federal litigation. I will cause my attorneys to lodge a copy of the proposed Second Amended Complaint with the Court for use in connection with this Application." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; lack of authentication [FRE 901]; best evidence rule [FRE 1002] |
| 21. | Barnes Decl., paragraph 29, page 10, line 26-page 11, line 1:<br><br>"29. The Amended Statement of Claim (the 'ASC') in the Arbitration alleges twenty-five (25) causes of action against Defendants. Many of the claims allege Defendants' fraudulent and otherwise illegal conduct toward me, and a number of the claims seek various real-property remedies related to the Property." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |

| 22. | Barnes Decl., paragraph 30, page 11, lines 2-5:<br><br>"30.  For purposes of this RTAO Application, however, my claims 'for money, …based upon a contract, express or implied…' are the only claims that can support this Application under California's attachment statute. *See Code of Civil Procedure ('CCP') §483.010(a)*." | Improper opinion, argument or speculation [FRE 701] |
|---|---|---|
| 23. | Barnes Decl., paragraph 31, page 11, lines 6-9:<br><br>"31.  There are two (2) express and implied contract claims alleged in the ASC that form the basis for this Application – the First Cause of Action for breach of contract and the Second Cause of Action for the common count of money had and received (collectively the "contract claims")." | Improper opinion, argument or speculation [FRE 701]; best evidence rule [FRE 1002] |
| 24. | Barnes Decl., paragraph 32, page 11, lines 10-12:<br><br>"32.  Accordingly, without in any way waiving claims or electing remedies, only those facts relevant to these contract claims and the Application will be set forth." | Improper opinion, argument or speculation [FRE 701] |
| 25. | Barnes Decl., paragraph 33, page 11, lines 19-20:<br><br>"… broker Doug Carroll said that 'something could be worked out.'" | Irrelevant [FRE 402]; hearsay [FRE 802] |
| 26. | Barnes Decl., paragraph 34, page 11, lines 21-25:<br><br>"34.  As it turned out, Sellers were represented on the Property by two related brokers, Doug and Wendy Carroll, who I learned were brother and sister. At that time, Doug Carroll was affiliated with Sotheby's International Realty, Inc. and Wendy Carroll was affiliated with Terra Coastal Realty, Inc. dba Prudential Malibu Realty, Inc." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; hearsay [FRE 802] |

9

| | | |
|---|---|---|
| 27. | Barnes Decl., paragraph 35, page 11, line 26-page 12, line 2:<br><br>"35.  Early on, Doug Carroll told me that he and Wendy could represent me in my negotiations with the Sellers while at the same time representing the Sellers in their negotiations with me. In my naiveté, I consented to allowing the Carrolls to represent me and the Sellers in a dual agency, innocently believing that the Carrolls would and were honoring their fiduciary obligations to protect me and my interests." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802] |
| 28. | Barnes Decl., paragraph 36, page 12, lines 3-9:<br><br>"36.  During my first meeting with Doug Carroll when I first saw the Property and during the 2-3 weeks thereafter, Doug Carroll and I communicated frequently and at length about ways that I might be able to purchase the Property. Early on in these conversations, I came to understand that the Property was owned by a group of real estate investors and financiers. Doug Carroll said that one of the owners of the Property was a retired dentist and that he and his partner bought and sold real estate and also lent money to individuals for real estate." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802] |
| 29. | Barnes Decl., paragraph 37, page 12, lines 10-15:<br><br>"37.  In those detailed conversations, Carroll told me that the Sellers would insist that any buyer pay approximately 30% of the purchase price of the Property – about $4,425,000 – as a down payment, but, if that sizeable down payment was made, the Sellers would probably provide Seller financing for the balance of the purchase price or otherwise assist me in financing the balance of the purchase price for the Property." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; hearsay [FRE 802] |

| | | |
|---|---|---|
| 30. | Barnes Decl., paragraph 38, page 12, lines 17-25:<br><br>"… Carroll suggested that I consider a 'lease option' – a type of transaction I had heard of but knew little or nothing about. Through my conversations with Carroll and reading I did, I came to understand that a 'lease option' was a creative financing device that would allow me to pay the 30% down payment in installments over several years while renting the Property. Then, after I had paid the down payment to the Sellers in installments, Sellers would either give me Seller financing, allow me to assume Sellers' mortgage on the Property or I could get my own financing from another source." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802] |
| 31. | Barnes Decl., paragraph 39, page 12, line 26- page 13, line 2:<br><br>"39.  Carroll asked whether I could come up with $1 million for the first installment of the down payment by selling my current home in Pasadena; Carroll said he thought that $1 million would be enough to get the Sellers on-board. When I said I might have about $1 million in equity in the Pasadena house, Carroll actively encouraged me to put my house up for sale immediately." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; hearsay [FRE 802] |
| 32. | Barnes Decl., paragraph 40, page 13, lines 3-5:<br><br>"40.  I followed Carroll's advice and put the Pasadena house on the market while Carroll helped me structure and propose a lease-option financing structure to the Sellers." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403] |
| 33. | Barnes Decl., paragraph 41 page 13, lines 6-9:<br><br>"41.  As it turned out, I found a buyer for the Pasadena house quickly, and the buyer wanted a very short escrow. I told Carroll that I was in escrow to sell the Pasadena house and told him in confidence that I was in fact going to realize | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; best evidence rule [FRE 1002] |

| | | | |
|---|---|---|---|
| 1 | | about $1.2 million in cash from the sale." | |
| 2 | 34. | Barnes Decl., paragraph 42, page 13, lines 10-14: | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; lack of authentication [FRE 901]; best evidence rule [FRE 1002] |
| 3 | | "42.  Carroll continued to negotiate with Sellers on my behalf, but the next communication from Sellers went from a $1 million initial installment of the down payment to a $1.2 million initial installment payment. In retrospect, I realize that Carroll had breached my confidential disclosure about the Pasadena escrow by letting Sellers know that I was getting more cash than expected out of the sale." | |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | 35. | Barnes Decl., paragraph 43, page 13, lines 15-17: | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; lack of authentication [FRE 901]; best evidence rule [FRE 1002] |
| 13 | | "43.  Ultimately, through Carroll's negotiations, Sellers and I came to terms for a sale of the Property to me using the 'lease option' device Carroll had first proposed and then helped me structure." | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | 36. | Barnes Decl., paragraph 44, page 13, lines 18-27: | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802] |
| 21 | | "44.  Throughout my conversations with Doug Carroll, and in my conversations with David York after we started communicating directly about the sale, I always and consistently made clear that I had no interest in merely leasing the Property. … I repeatedly stated that while the transaction might be structured as a 'lease' and/or an 'option,' the transaction had to be a sale that allowed me to begin purchasing the Property right from the beginning. Throughout the four (4) years that I dealt with Carroll and later York, it always seemed to me that both of | |
| 22 | | | |
| 23 | | | |
| 24 | | | |
| 25 | | | |
| 26 | | | |
| 27 | | | |
| 28 | | | |

| | | | |
|---|---|---|---|
| | | them understood that the whole reason for the entire transaction was to sell the Property to me and to facilitate my purchase of the Property." | |
| | 37. | Barnes Decl., paragraph 45, page 13, line 28-page 14, line 6:<br><br>"45.  After Doug Carroll got the essential terms of the lease-option transaction agreed to by the Sellers, I am informed and believe that Doug and Wendy Carroll attempted to draw up documents for the transaction using form agreements developed and approved by the California Association of Realtors ('CAR'). I generally understand now that the CAR agreements purport to be current and consistent with California real property law. Sellers, however, refused to allow the brokers to prepare the Transaction Documents." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802] |
| | 38. | Barnes Decl., paragraph 46, page 14, lines 7-11:<br><br>"46.  Instead, Sellers insisted that their long-time outside counsel, Robert C. Weiss ('Weiss') prepare all the Transaction Documents. I now know that the Transaction Documents that Weiss drafted deviate from and violate California real property law in numerous ways intended solely to injure me and benefit Sellers, but I was unaware of this at the time." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; best evidence rule [FRE 1002] |
| | 39. | Barnes Decl., paragraph 47, page 14, lines 12-16:<br><br>"47.  Since I was now committed to sell my Pasadena home on a short escrow, I was concerned that Weiss was taking so long to get the Transaction Documents prepared for review. At the time I had a very young daughter, so I needed to be able to move into a new residence immediately when the escrow closed on the Pasadena house." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |

13

| | | |
|---|---|---|
| 40. | Barnes Decl., paragraph 48, page 14, lines 17-21:<br><br>"48.  I finally asked Doug Carroll to put me in touch with the Sellers directly so that I could communicate my situation and concerns. That is when I first spoke to and began to deal directly with David York, a person whom Carroll represented to me as the spokesperson for several of the entities that owned the Property." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802] |
| 41. | Barnes Decl., paragraph 49, page 14, lines 22-25:<br><br>"49.  In our first conversation, York apologized that Sellers' lawyer Weiss was taking so long to get the Transaction Documents prepared. York said that the deal was 'like a mortgage' and that Sellers were 'like a bank,' so the Transaction Documents had to be drafted as carefully as a mortgage." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802] |
| 42. | Barnes Decl., paragraph 50, page 14, lines 26-27:<br><br>"50.  I knew that I lacked the knowledge to review such complicated documents, so I retained an attorney to represent me." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; best evidence rule [FRE 1002] |
| 43. | Barnes Decl., paragraph 51, page 15, line 1 – page 16, line 3:<br><br>"51.  Sellers will claim that I was protected in the transaction because I was represented by this attorney. At the time, I certainly believed and expected that my attorney was protecting my interest in the transaction, and I relied on him to do so. However, when I began investigating this matter in 2014, I learned for the first time just how little protection my | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |

attorney provided, based on the following facts:

a. Despite his claim to expertise in real property law, I learned that my attorney had never in his almost 30-year career handled a residential lease option transaction at all, much a complicated multi-million dollar one like mine.

b. I subsequently learned that my attorney had not acquired any educational knowledge concerning California lease option transactions or liquidated damages, not even from Continuing Legal Education courses.

c. I also learned too late that my former attorney's customary practice is to follow his client's direction as to the structure and provisions of a transaction rather than to assess whether the transaction is beneficial or safe for the client. In essence, my former attorney apparently views himself as a mere ministerial scrivener to accurately document the transaction according to his client's directions rather than to try to structure a transaction more beneficially for the client.

d. As a result of reviewing documents produced in the litigation against the brokers, I learned that my former attorney made little to no attempt to negotiate with Weiss on any aspect of the transaction or the documents Weiss drafted. Weiss early on told us that the terms and documents were 'take-it-or-leave-it.' My attorney took Weiss at his word and left Weiss' drafted documents virtually untouched.

e. I also learned last year that my former attorney made no attempt to research California liquidated damages law and that it never occurred to him to check whether the provisions of the Agreement complied with California law on liquidated damages, forfeitures or real property sales contract law

15

| | | | |
|---|---|---|---|
| | | under Civil Code §2985 *et seq.*" | |
| | 44. | Barnes Decl., paragraph 52, page 16, lines 4-7: "52. Sellers may also contend that I was protected in the transaction because the brokers represented me. On the contrary, after agreeing to the principal terms of the sale through Doug Carroll's negotiations, Sellers did everything they could to cut me off from any protection that the brokers might have given me." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |
| | 45. | Barnes Decl., paragraph 53, page 16, lines 8-16: "53. Sellers not only rejected using the CAR form documents that contain protections for the buyer, Sellers also forbade me from even giving the brokers copies of the Transaction Documents that Weiss drafted. York told me on more than one occasion that the Transaction Documents were confidential and that if I allowed the brokers to review the documents I would be in breach of the Agreement and lose my entire down payment! York made this same threat of defaulting me if I disclosed the Transaction Documents to the brokers for both the initial Transaction Documents that Weiss drafted in 2007 and for the Amended Agreement that Weiss drafted in 2009." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
| | 46. | Barnes Decl., paragraph 54, page 16, lines 17-21: "54. After many delays, Weiss finally got the Transaction Documents to my attorney on Saturday night of the long 2007 Labor Day week-end. By this time, the sale of my Pasadena residence had already closed, and my wife, baby and I were staying in a hotel. All of our household possessions were in a moving truck parked on PCH." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403] |

16

| 47. | Barnes Decl., paragraph 55, page 16, line 22-page 17, line 10 and footnote 4:<br><br>"55.  In the provisions of the Transaction Documents that Weiss drafted, I was required to meet Defendants' demands, including:<br><br>• I had to immediately put down $1.2 million (not $1 million as originally requested), which was the entire amount I cleared in the sale of my Pasadena home;<br><br>• I had to pay $50,000 per month in above-market rent for four (4) years;<br><br>• I had to pay a $50,000 security deposit immediately;<br><br>• I had to assume responsibility for all utilities, maintenance, real property taxes and insurance for Sellers;<br><br>• I had to pay three (3) additional $1 million annual installment payments; and<br><br>• I had to complete a home renovation already in progress.<br><br>"All these terms are contained in the Option Agreement (Exhibit 'C') and Lease (Exhibit 'D') as Weiss drafted them and as I was forced to accept them.<br><br>"I learned that the rent was above-market when I learned that the resident of the house next door – which was twice as large as the house on the Property – was paying $20,000 per month." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
| 48. | Barnes Decl., paragraph 56, page 17, lines 11-21:<br><br>"56.  When I tried to negotiate Defendants' demand for an additional $50,000 security deposit because I believed it was unnecessary in light of the initial $1.2 million installment of | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper |

| | | | |
|---|---|---|---|
| | | the down payment, Defendants were very hostile. My attorney forwarded me an email from Weiss that stated my 'credibility [was] now an issue, and the [Defendants were] reevaluating whether they want to do business with' me because I attempted to negotiate this term. The Defendants also questioned whether I was dealing 'in good faith' despite the fact I was willing to pay $1.2 million up front for the initial installment of the down payment for the Property and comply with nearly all of Defendants' demands. A true and correct copy of this e-mail is attached hereto as Exhibit 'L.' I then understood that the agreements drafted by Weiss were presented on a 'take-it-or-leave-it' basis." | opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; lack of authentication [FRE 901]; best evidence rule [FRE 1002] |
| | 49. | Barnes Decl., paragraph 57, page 17, line 22-page 18, line 1:<br><br>"57. I had a number of conversations with York during the development of the transaction structure, terms and documentation. Many of these conversations involved the financing for the balance of the purchase price after I had paid the down payment over the course of four (4) years." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802] |
| | 50. | Barnes Decl., paragraph 58, page 18, lines 2-11:<br><br>"58. According to York, I could not qualify for a traditional mortgage on the Property. Therefore, he represented to me that he and the other Sellers wanted to structure the sale as an 'option' to allow them to ascertain whether I was committed to the property. York promised that, after I paid a few of the million-dollar option payments, I would have sufficiently demonstrated my commitment to the Property. In that event, York promised that Sellers would be willing and able to provide me with | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; parol evidence [Cal. Code Civ. Proc. § 1856] |

18

| | | | |
|---|---|---|---|
| | | financing for the Property through a traditional promissory note if I made payments to Sellers to accrue equity in the Property; York also suggested that I might be able to assume Sellers' mortgage after I acquired enough equity in the Property." | |
| | 51. | Barnes Decl., paragraph 59, page 18, line 12: "59. Believing these promises, I signed the Transaction Documents ...." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; parol evidence [Cal. Code Civ. Proc. § 1856] |
| | 52. | Barnes Decl., paragraph 60, page 18, lines 15-21: "60. After I moved into the Property, York contacted me and told me that Sellers were going to mortgage the Property. York told me to be silent when people from the bank visited the Property and that, if they asked me anything, I was to say I was a temporary renter. When people from the bank arrived, I remained silent because I thought it was in my best interest, particularly in response to York's veiled threat that the Agreement was confidential and that if I disclosed the Agreement to the bank I would be in default under the Agreement." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 8021]; best evidence rule [FRE 1002] |
| | 53. | Barnes Decl., paragraph 61, page 18, lines 22-26: "61. York told me that Sellers' act of mortgaging the Property was intended ultimately to benefit me and designed to establish a loan that I could one day assume with the bank. York affirmed that the terms of the new mortgage would be better than the terms I could get on my own because Sellers were wealthier and had better credit than I had. York referred to himself as a 'modest $100 | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; hearsay [FRE 802]; parol evidence [Cal. Code Civ. Proc. § 1856] |

| | | | |
|---|---|---|---|
| 1 | | million man.'" | |
| 54. | Barnes Decl., paragraph 62, page 19, lines 1-3: "62.  Over almost the entire 4 year period I occupied the Property, York frequently promised I could assume the Sellers' loan and that he would 'look out' for my interests and the interests of my family." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; hearsay [FRE 802]; parol evidence [Cal. Code Civ. Proc. § 1856] |
| 55. | Barnes Decl., paragraph 63, page 19, lines 4-9: "63.  By March of 2009, I had paid $2,365,600 in 'option' payments, I had made all other payments in accordance with the Agreement, and, in total, I had invested over $4 million into the Property by paying above-market rent, an additional $50,000 security deposit, all utilities, maintenance, real property taxes, and insurance, and completing a Property renovation that was in progress when I moved into the Property." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; best evidence rule [FRE 1002] |
| 56. | Barnes Decl., paragraph 64, page 19, lines 10-16: "64.  Worried about my investment, I spoke to York frequently about my eagerness to either assume the Sellers' bank loan, receive a new mortgage from Sellers or qualify for a traditional mortgage. York frequently asked me 'how much can you afford?' and told me that, in his opinion, I could not qualify for a traditional mortgage and the **only** way I could assume the mortgage was to increase my option payments by an additional $50,000 per month to show York and his partners my commitment to the Property." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; hearsay [FRE 802] |
| 57. | Barnes Decl., paragraph 65, page 19, lines 17-20: "65.  Because I believed I was left with no | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time |

| | | |
|---|---|---|
| | alternative to safeguard my investment, I verbally agreed to increase my monthly payments to Defendants to $100,000 per month (with $50,000 per month going toward the purchase price and $50,000 for rent) in addition to making the $1 million annual 'option' payments." | [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
| 58. | Barnes Decl., paragraph 66, page 19, lines 22-24: <br><br> "… Based on my earlier interactions with Weiss and Sellers, I understood that the agreements Weiss drafted were presented on a 'take-it-or-leave-it' basis." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802] |
| 59. | Barnes Decl., paragraph 67, page 19, line 28-page 20, line 2: <br><br> "67.  I was mentally and physically exhausted from the stress of the possibility of losing my Property and my business during a recession. Based on my previous interactions with Weiss, including his tactics of threatening to walk away from the deal and his accusations about my 'credibility' the last time I tried to negotiate terms in an agreement he drafted, I was hesitant to make any changes to the Amended Agreement." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; improper character evidence [FRE 404] |
| 60. | Barnes Decl., paragraph 68, page 19, lines 3-6: <br><br> "68.  Out of desperation to safeguard the investment into which I had poured my entire life-savings ($1.2 million from the sale of my Pasadena residence) and an additional $3 million, I agreed to the only course of action I believed was available to me …." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |
| 61. | Barnes Decl., paragraph 69, page 20, lines 7-9: | Irrelevant [FRE 402]; |

| | | |
|---|---|---|
| | "69.  Under the Amended Agreement, I was obligated to pay $7.15 million in annual and monthly installment payments, in addition to rent, maintenance, repairs, utilities, insurance and taxes." | unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
| 62. | Barnes Decl., paragraph 70, page 20, lines 10-12:<br><br>"70.  After signing the Amended Agreement, I was paying over $200,000 a month in lease, option, and tax payments to safeguard my investment. I always made timely 'option,' 'lease,' insurance, and tax payments on the Property." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |
| 63. | Barnes Decl., paragraph 71, page 20, lines 13-19:<br><br>"71.  Pursuant to the Agreement, I was only allowed three (3) calendar days after receiving written notice of a late payment from Defendants to pay the full amount due. Otherwise, I would be considered in default, and I did not know I was entitled to get back any of my option payments. Thus, if I was late on a single payment of $50,000 for monthly rent, Premises Costs, or insurance premiums, Sellers would have contended that I lost my entire multi-million dollar investment in the Property." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
| 64. | Barnes Decl., paragraph 72, page 20, lines 20-25:<br><br>"72.  My business was also in trouble at this time because of the economic recession and because I was spending so much time trying to finance the Property. I was working twelve hour days/seven days a week to make all of the payments. I became mentally, physically, and emotionally exhausted to the point that my | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |

| | | |
|---|---|---|
| | auto-immune disorder flared up, rendering me debilitated and weak. I was pouring every ounce of energy and every dollar into fulfilling my obligations." | |
| 65. | Barnes Decl., paragraph 73, page 20, line 26-page 21, line 2:<br><br>"73.  Over the next couple of years after signing the Amended Agreement, I met with York multiple times and requested that I be allowed to assume the mortgage Defendants had obtained. Although I was paying an average of $200,000 per month, York repeatedly stonewalled my efforts to negotiate and failed to attend multiple meetings we had scheduled." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |
| 66. | Barnes Decl., paragraph 74, page 21, lines 3-6:<br><br>"74.  In early 2011, I obtained a loan commitment from One West Bank for $8,400,000 -- all but $850,000 of the remaining $9,250,000 balance of the $14.75 million purchase price of the Property after crediting the $5,450,000 in installment payments I had already paid." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; hearsay [FRE 802]; lack of authentication [FRE 901]; best evidence rule [FRE 1002] |
| 67. | Barnes Decl., paragraph 75, page 21, lines 7-11:<br><br>"75.  Believing that I would be able to obtain the $850,000 necessary to close, I gave Sellers the required notice that I intended to exercise the option. I signed copies of the Purchase Agreement, opened escrow in February, 2011 at Commonwealth Land Title Company, ordered closing documents and title reports and prepared to close within 30 days." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; lack of authentication [FRE 901]; best evidence rule [FRE 1002] |
| 68. | Barnes Decl., paragraph 76, page 21, lines 12-20: | Irrelevant [FRE 402]; lack of foundation or personal |

| | | |
|---|---|---|
| | "76. Following my exercise of the option, I engaged in a frantic attempt to acquire the remaining $850,000 balance of the purchase price, as set forth in great detail at paragraphs 106-146 of my Amended Statement of Claim, which I adopt as my testimony here under penalty of perjury. In brief, I begged Sellers to carry a second mortgage that would have cost them nothing, but they refused. I requested the brokers to carry part of their commission; after the brokers tentatively agreed, York interfered, and the brokers refused to help me. Ultimately, One West Bank withdrew their loan commitment when an FDIC audit caused a change in their lending standards." | knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; lack of authentication [FRE 901]; best evidence rule [FRE 1002] |
| 69. | Barnes Decl., paragraph 77, page 21, lines 21-25: <br><br> "77. Moreover, after years of (mis)representing otherwise, York informed me in about August 2011 that Sellers' mortgage was not assumable, that the money I had paid the Defendants was gone because he and his partners had spent it, and that Sellers were in financial trouble themselves and likely to lose the Property in foreclosure." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; hearsay [FRE 802] |
| 70. | Barnes Decl., paragraph 78, page 21, line 26-page 22, line 2: <br><br> "78. Thus, as a result of Defendants' misrepresentations, concealments, and interference, I was unable to obtain financing and was forced to abandon the Property in order to avoid further catastrophic financial ruin. By the time I left, I had poured $8,263,799.26 into my family's dream Property and had nothing to show for it." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |
| 71. | Barnes Decl., paragraph 79, page 22, lines 3-5: <br> "79. Claiming that I was entitled to nothing | Irrelevant [FRE 402]; unfair prejudice, confusing |

| | | |
|---|---|---|
| | from all the money I had poured into the Property, Sellers demanded that I give them a quitclaim for the Property. Believing I had no recourse against Sellers, I acquiesced." | the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802] |
| 72. | Barnes Decl., paragraph 80, page 22, lines 6-7: "80.  I have still not recovered financially from this crushing blow, and I continue to suffer health and other problems brought on by this scam." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |
| 73. | Barnes Decl., paragraph 81, page 22, lines 8-10: "81.  Sellers will contend that I am a sophisticated attorney and have special skills that enabled me to protect myself in connection with this transaction. Sellers are wrong." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |
| 74. | Barnes Decl., paragraph 82, page 22, lines 11-17: "82.  While it is true that I have a law degree, I practiced law for only approximately 2 years as a new associate in a very large law firm. During that time, I never practiced real estate law. Following my two (2) year stint as an associate, I began working as a legal recruiter. I subsequently formed a legal recruiting business, and I have continued in the legal recruiting industry until the present. Although I have a law firm, I do not and have not actively practiced law since I left my last position as a second-year associate." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403] |
| 75. | Barnes Decl., paragraph 83, page 22, lines 18-21: "83.  Until recently, I had little to no knowledge of real estate law generally or California real estate law specifically. I had never handled a real estate matter in my legal | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403] |

| | | | |
|---|---|---|---|
| 1<br>2<br>3 | | practice and had virtually no personal experience with real estate transactions other than purchasing the residences I lived in." | |
| 4<br>5<br>6<br>7<br>8<br>9 | 76. | Barnes Decl., paragraph 84, page 22, lines 22-25:<br><br>"84.  Far from being the sophisticated mogul that Sellers claim I am, my victimization by the Sellers devastated me financially, psychologically, physically and personally. I lost more than $8 million, but the real price I paid was much higher." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |
| 10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19 | 77. | Barnes Decl., paragraph 85, page 22, line 26-page 23, line 3:<br><br>"85.  For more than two years after I lost the Property in 2011, I suffered from a deep depression and what I now know to have been posttraumatic stress disorder caused by the losses I suffered and the injuries to my family. For example, during much of that period I was unable to even drive on the stretch of Pacific Coast Highway that runs by the Property without experiencing physical and mental anguish." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |
| 20<br>21<br>22<br>23<br>24<br>25<br>26<br>27<br>28 | 78. | Barnes Decl., paragraph 86, page 23, lines 4-9:<br><br>"86.  During the dark years following September 2011, I was incapable of attempting to pursue any remedy for the wrongs that had been done to me by Sellers and others acting in concert with them. Moreover, on the several occasions that I consulted my former counsel about whether I had any rights against the Sellers, he told me emphatically that I did not because, in his opinion, Sellers' counsel would not have drafted documents that left me any recourse against Sellers." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802] |

| | | |
|---|---|---|
| 79. | Barnes Decl., paragraph 87, page 23, lines 10-14:<br><br>"87.  It was not until the spring of 2014 that I had recovered my mental stability sufficiently to begin to conduct my own factual and legal investigation into whether I had rights against Sellers. When my early research efforts were promising, I hired attorneys to work for me to pursue my claims against Sellers and those acting with them." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |
| 80. | Barnes Decl., paragraph 88, page 23, lines 15-17:<br><br>"88.  Since the spring of 2014, I have spent many hours doing legal research concerning my rights and remedies against Sellers and others as well as investigating the facts concerning the Property and Sellers' business practices." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |
| 81. | Barnes Decl., paragraph 89, page 23, lines 18-19:<br><br>"89.  In this Declaration, I will summarize some of the knowledge I have gained since 2014 about Sellers, the Property and California real property law." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |
| 82. | Barnes Decl., paragraph 92, page 24, lines 1-7:<br><br>"92.  **The Agreement Is A Single Transaction:** The Option Agreement also incorporates by reference the terms and conditions of the Lease Agreement, the Lease Addendum and the two Purchase Agreements. *See Recitals, Option Agreement.* Based on this incorporation by reference and because all the documents were drafted and executed at the same time, the Option Agreement, the Lease Agreement, the Lease Addendum, and the two Purchase Agreements are part of a single | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |

| | | | |
|---|---|---|---|
| | | transaction." | |
| 83. | | Barnes Decl., paragraph 93, page 24, lines 8-9: "93. **The Option Payments Are Installment Payments Of The Down Payment.**" | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
| 84. | | Barnes Decl., paragraph 94, page 24, lines 19-21: "… the further provisions of the Option Agreement make clear that the payments constituting the Option Consideration are in fact installment payments of a portion of the purchase price of the Property – in other words, a down payment." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
| 85. | | Barnes Decl., paragraph 96, page 25, lines 4-7: "96.  As set forth below, Paragraph 10.2(a) of the Purchase Agreement confirms that the full amount of the Option Consideration is applied to the purchase price of the Property. *Purchase Agreement (Exhibit 'E' hereto) ¶10.2(a)."* | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; lack of authentication [FRE 901]; best evidence rule [FRE 1002] |
| 86. | | Barnes Decl., paragraph 98, page 25, line 19-page 26, line 1: "98.  **How I Exercised The Option:** As the foregoing language of Paragraph 6 makes clear, no payment of money was necessary in order to exercise the option –only notice of intention to exercise the Option and signing the Purchase Agreements was required. In January | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; lack of authentication [FRE 901]; |

|  | | |
|---|---|---|
| | 2011, I gave timely written notice of my intention to exercise the option to purchase the Property. I signed and dated counterparts of the Home and Lot Purchase Agreements for transmission to the appropriate parties. I opened escrow at Commonwealth Land Title Company and caused the escrow company to order a title report and closing documents. As such, my actions were sufficient for me to meet the terms and conditions of the Option Agreement and for one hundred percent (100%) of the 'option payments' I had made to be immediately applied toward the purchase price of the Property." | best evidence rule [FRE 1002] |
| 87. | Barnes Decl., paragraph 99, page 26, lines 2-4:<br><br>"99.  **Exercise of the Option Terminated the Option Agreement:** Paragraph 6 of the Option Agreement makes clear that my exercise of the Option terminated the Option Agreement." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; lack of authentication [FRE 901]; best evidence rule [FRE 1002] |
| 88. | Barnes Decl., paragraph 100, page 26, lines 11-16:<br><br>"100.  **The Option was not irrevocable:** Paragraph 6 of the Option Agreement, in addition to specifying how the Option is exercised, also shows that the Option was not irrevocable. Notwithstanding the provision of ¶1 of the Option Agreement stating that the Option is 'irrevocable,' ¶¶6, 8 & 9 of the Option Agreement provide that the Option *is* revocable upon a 'Default' under the Option Agreement or Lease Agreement." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |

| 89. | Barnes Decl., paragraph 102, page 26, lines 21-26:<br><br>"102.  Importantly, Paragraph 8(b) provides that the Option Agreement is terminated immediately upon the occurrence of an Event of Default delineated under the Lease Agreement. As set forth below, the Lease Agreement contains no less than ten (10) events of default, and imposes dozens of executory obligations that trigger an event of default – such as if I failed to bring the Property into compliance with the American with Disabilities Act. 42 U.S.C. 126." | Irrelevant [FRE 402]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
|---|---|---|
| 90. | Barnes Decl., paragraph 103, page 26, line 28-page 27, line 3:<br><br>"103.  Sellers claim they are entitled to retain the $5,450,000 … that constituted installment payments of the purchase price (the 'Installment Payments') that I paid to them. Sellers' argument is based upon Paragraph 6 and Paragraph 9 of the Option Agreement." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
| 91. | Barnes Decl., paragraph 104, page 27, lines 4-18:<br><br>"104.  Paragraph 6 [sic] of the Option Agreement states in full:<br>**Failure to Exercise Option.** In the event Buyer does not timely exercise the Option in strict accordance with the terms and conditions in this Agreement during the Option Term, (i) the Option shall automatically expire at the close of business on the Termination Date without any notice to Buyer, (ii) the Owners will be entitled to retain the full amount of the Option Consideration they previously received without any deduction or offset; (iii) Buyer shall have no further interest in or right to purchase the Property, and (iv) neither Buyer | Improper opinion, argument or speculation [FRE 701]; best evidence rule (misstates the text of the document) [FRE 1002] |

| | | |
|---|---|---|
| | nor the Owners will have any further liability or obligation to one another hereunder (including, without limitation, any direct, indirect, consequential or other damages). *See Option Agreement*, ¶ 6 [sic] (emphasis in original)." | |
| 92. | Barnes Decl., paragraph 106, page 28, lines 2-4:<br><br>"106. Paragraph 9, by utilizing the language 'which shall be their sole and exclusive remedy,' essentially characterizes the $5.45 million in Option Consideration as liquidated damages." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; best evidence rule [FRE 1002] |
| 93. | Barnes Decl., paragraph 107, page 28, lines 6-7:<br><br>"107. The Option Agreement contains a number of provisions that attempt to strip me of various protections under California law." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
| 94. | Barnes Decl., paragraph 108, page 28, lines 8-10:<br><br>"108. In Paragraph 10, Sellers provide virtually no warranties, and the warranties under the Purchase Agreement (discussed below) are also almost non-existent." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
| 95. | Barnes Decl., paragraph 109, page 28, lines 11-13:<br><br>"109. In contrast, in Paragraph 11, as the Buyer, I am forced to give a far broader range of representations and warranties, obviously | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time |

| | | |
|---|---|---|
| | intended as an attempt to limit or eliminate my remedies under California law." | [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
| 96. | Barnes Decl., paragraph 111, page 28, lines 23-26:<br><br>"111.  Of course, as a matter of law as discussed in the Memorandum of Points and Authorities, my alleged sophistication is irrelevant as is my alleged participation in negotiating the terms of the Agreement, which is also discussed in the Memorandum of Points and Authorities." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |
| 97. | Barnes Decl., paragraph 112, page 28, line 27-page 29, line 7:<br><br>"112.  Moreover, the representation in Paragraph 11(e) that my 'advisors' are 'experienced and extremely sophisticated individuals with considerable experience in the type of transactions contemplated by the Agreements/Lease' is, as Sellers' counsel must have known, false for all the reasons I set forth above in the discussion of my former counsel's short-comings. Weiss' own 'the Agreement is non-negotiable' e-mail to my counsel, attached as Exhibit 'L' hereto, belies Sellers' self-serving attempt to have me represent that 'the terms in [the Transaction Documents] have been specifically negotiated with the Owners and/or their counsel.'" | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; lack of authentication [FRE 901]; best evidence rule [FRE 1002] |
| 98. | Barnes Decl., paragraph 113, page 29, lines 8-11:<br><br>"113.  Paragraph 11(g) forces me to represent that '[t]he Options are extremely valuable, and the Option Consideration is fair and reasonable'.  *See* Option Agreement ¶ 11 (g). As discussed below, the so-called 'Option | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or |

| | | | |
|---|---|---|---|
| | | Consideration' cannot be deemed 'fair and reasonable.'" | speculation [FRE 701]; best evidence rule [FRE 1002] |
| 99. | | Barnes Decl., paragraph 114, page 29, lines 12-16:<br><br>"114.  By the time I left the Property in September 2011, the Option Consideration I had paid Sellers totaled $5,450,000, which constitutes almost **37% of the purchase price of the Property** – a perfectly reasonable and fair down payment (which is what the Option Consideration was), but an unreasonable, unlikely and unconscionable option payment." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802] |
| 100 | | Barnes Decl., paragraph 115, page 29, lines 17-19:<br><br>"115.  Perhaps the most egregious attempt by Sellers to strip me of the protections of California law is Paragraph 12 of the Option Agreement entitled 'Waivers by the Buyer.'" | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
| 101 | | Barnes Decl., paragraph 116, page 30, lines 2-5:<br><br>"116.  Paragraph 12(c), providing that I waive the right to assert a claim that the Sellers' retention of the Option Consideration constitutes a 'forfeiture or penalty,' is an obvious attempt to strip me of the protection of California Civil Code §3275 ...." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
| 102 | | Barnes Decl., paragraph 117, page 30, lines 13-19:<br><br>"117.  Paragraph 12(c) is also an attempt to cause me to waive the provisions of California liquidated damages law under Civil Code | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper |

| | | | |
|---|---|---|---|
| | | §1671 *et seq.*, which provides that a liquidated damages provision constitutes an illegal and impermissible penalty or forfeiture unless the provision was reasonable at the time the contract was made. *Civil Code §1671(b).* California law holds that an unreasonable liquidated damages amount constitutes an unenforceable penalty and a forfeiture. *See, e.g., Allen v. Smith,* 94 Cal.App.4th 1270, 1278 (2002)." | opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
| | 103 | Barnes Decl., paragraph 118, page 30, lines 20-28:<br><br>"118.  The Buyer's Waivers in Paragraph 12(c) further try to deprive me of multiple other protective statutes, including the protections of Civil Code §1668, which prohibits enforcement of illegal contracts that exempt a party from violations of law, Civil Code §§1670.5 *et seq.*, which prohibits enforcement of unconscionable contracts, Civil Code §2985 *et seq.*, which prohibits retention of partial purchase price payments in installment real estate sales, Civil Code §3513, which provides that a person cannot waive the provisions of laws with a public purpose, and Civil Code §3369, which provides that neither specific nor preventive relief can be granted to enforce a penalty or a forfeiture." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
| | 104 | Barnes Decl., paragraph 119, page 31, lines 2-4:<br><br>"119.  The Lease put me at a disadvantage by imposing on me obligations not ordinarily required of a tenant, but which I was forced to agree to in order to reach my end goal of purchasing my family's dream home." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |

| 105 | Barnes Decl., paragraph 120, page 31, lines 5-9 and footnote 5: | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
| --- | --- | --- |
| | "120.  The general terms of the Lease Agreement required me to pay $50,000 a month in above-market rent for the four (4) year term, a $50,000 security deposit, and all utilities and maintenance and the Sellers' real property taxes and insurance on the Property. I also had to complete renovations in progress out of my own pocket (which ended up costing almost $300,000). | |
| | "I know that the $50,000 per month rent imposed by Sellers was above market because my next-door neighbor paid $20,000 per month to rent a home twice the size of the residence on the Property." | |
| 106 | Barnes Decl., paragraph 121, page 31, line 10-page 33, line 5 and footnotes 6-7: | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
| | "121.  More specifically, Paragraph 22 of the Lease Agreement (Exhibit 'D' hereto) captioned 'MAINTENANCE/ ALTERATIONS/REPAIRS' contained the following extraordinary provisions that are atypical of those imposed on lessees but which are evidence that I was purchasing the Property rather than leasing it: <br> a. **Sellers assumed no obligation to repair or maintain the Property**: 'Tenant acknowledges that the Landlord is to have no obligation of any nature to repair and maintain the Premises, which is the sole responsibility of the Tenant (at its sole cost and expense) throughout the Lease Term.' *Lease Agreement, ¶22.A.* <br> b. **Repair obligation equal to that of an owner.** The repair obligation encompassed 'restorations, replacements or renewals' of land, structures and systems both on and off the Property  and included not only repairs necessitated by my use of the Property but also | |

repairs necessitated by any 'prior use' of the Property, even if the portion of the Property requiring the repairs was not 'reasonably or readily accessible' to me. *Id.*

c. **Sellers required me to waive all statutory protections that lessees have under law**: 'Tenant expressly waives the benefit of any statute now or hereafter in effect to the extent it is inconsistent with the terms of this Lease.' *Id.* Paragraph 22.F. also required a further waiver of a lessee's statutory protections: 'Tenant knowingly waives and releases its right to make repairs at Landlord's expense under Sections 1941 and 1942 of the California Civil Code; or any similar law, statute, or ordinance now or hereafter in effect.' *Id. ¶22.F.*

d. **Hazardous Substance Remediation.** I had to assume the cost and accomplish remediation of all 'Hazardous Substances' as defined in Paragraph 4 of the Purchase Agreement, which contains an extremely broad definition of Hazardous Substances. *Id.*

e. **Requirement for ADA repairs:** Paragraph 22.C. provides:

'In the event the Premises require modification or additions to comply with the Americans with Disabilities Act ('ADA') Tenant shall make such modifications and/or additions at its expense so the Premises are ADA compliant.'" *Id.*

"Among those things I was obligated to restore, replace or renew included 'the swimming pool, all exterior walls of the Residence, equipment or facilities (such as plumbing, HVAC equipment, electrical, lighting facilities, fire protection system), fixtures, walls (interior and exterior), foundations, ceilings, roofs, drainage systems, floors, windows, doors, glass, skylights, landscaping, driveways, fences, retaining walls, sidewalks and parkways located in, on, or

36

adjacent to the Premises.' *Lease Agreement ¶22A*"

"Paragraph 4 of each of the Purchase Agreements (Exhibit 'E' hereto) defines Hazardous Substances as: '(i) any substance that is then defined or listed in, or otherwise classified pursuant to any environmental laws or any occupational safety and health laws as a 'Hazardous Substance', 'Hazardous Material', 'Hazardous Contaminant', 'Hazardous Constituent', 'Hazardous Waste', 'Infectious Waste', 'Toxic Substance', 'Toxic Emission', 'Toxic Pollutant', 'Air Contaminant', or any other formulation intended to define, list, or classify substances by reason of deleterious properties such as ignitability, corrosivity, reactivity, radioactivity, carcinogenicity, toxicity, reproductive toxicity, or 'EP Toxicity'; (ii) any oil, gas, and other petroleum hydrocarbons or any products, by-products or fractions thereof (including, without limitation, gasoline, diesel fuel, and solvents), (iii) PCB's; (iv) urea formaldehyde; (v) any substance potentially injurious to the public health, safety or welfare, the environment, or the Property; (vi) asbestos, lead, cadmium mercury and other heavy metals, cyanide, pesticides, chlorinated hydrocarbons, and (vii) any substance which is the basis for liability to any governmental authority or third party under any applicable statute, regulation, or common law theory.'"

| 107 | Barnes Decl., paragraph 122, page 33, lines 6-7:<br><br>"122.  Sellers' coercion and over-reaching continued under the Lease Addendum, including under paragraph 4 thereof …." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
|---|---|---|

| | | | |
|---|---|---|---|
| | 108 | Barnes Decl., paragraph 123, page 33, line 18-page 34, line 5:<br><br>"123.  Moreover, Paragraph 8 of the Lease Addendum (Exhibit 'D' hereto) lists ten (10) separate events of default imposed on me as a tenant, including the failure to pay rent (¶8.a.); the failure to comply with any of the executory obligations of the Lease, including the repair obligation (¶8.b.); Sellers' discovery that 'any representation by the Tenant, or any document, exhibit, statement, certificate, or schedule the Landlord has previously received (or hereafter receives) from the Tenant' is or has become 'untrue or misleading' (¶8.c.); and my failure to cooperate with Sellers in their attempt to mortgage the Property (¶8.j.). *Lease Addendum (Exhibit 'D') ¶8.*" | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
| | 109 | Barnes Decl., paragraph 124, page 34, lines 6-8:<br><br>"124.  Of course, as set forth above, Paragraph 8(b) of the Option Agreement provides that any Event of Default under the Lease immediately terminates the Option. *Option Agreement ¶8(b).*" | Irrelevant [FRE 402]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
| | 110 | Barnes Decl., paragraph 125, page 34, line 9-10:<br><br>"125.  Paragraph 9 of the Addendum reiterates that a breach of the Option Agreement terminates the lease, and vice versa. *Lease Addendum ¶9.*" | Irrelevant [FRE 402]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
| | 111 | Barnes Decl., paragraph 126, page 34, lines 11-12:<br><br>"126.  Paragraph 10 requires me, the tenant, to obtain insurance to protect – not my own interest in the Property – but Sellers' interest. *Lease Addendum ¶10.*" | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best |

| | | | evidence rule [FRE 1002] |
|---|---|---|---|
| 112 | Barnes Decl., paragraph 128, page 34, lines 16-20: | "128.  During the period September 5, 2007 through and including September 4, 2011, I never received written or oral notice from any Seller that I was in default under the Lease Agreement or the Lease Addendum. Specifically, I never received written or oral notice that I had to correct or cure any obligation imposed on me by the Lease Agreement or the Lease Addendum." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403] |
| 113 | Barnes Decl., paragraph 129, page 34, lines 22-23: | "129.  Paragraph 4 of the Lease Agreement (Exhibit 'D' hereto) obligates me to pay a $50,000 Security Deposit. *Lease Agreement ¶4.*" | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
| 114 | Barnes Decl., paragraph 130, page 34, line 24-page 35, line 2: | "130.  Paragraph 4.C. of the Lease Agreement provides: Within 21 days after Tenant vacates the Premises, Landlord shall (1) furnish Tenant an itemized statement indicating the basis for the disposition of the Security Deposit, and supporting documentation as required by California Civil Code § 1950.5(g); and (2) return any remaining portion of the Security Deposit to Tenant. *Lease Agreement ¶4.C.*" | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
| 115 | Barnes Decl., paragraph 131, page 35, lines 3-7: | "131.  I left the Property at the end of the Lease on or about September 4, 2011. Therefore, under Paragraph 4.C. of the Lease Agreement, | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; |

| | | | |
|---|---|---|---|
| | | not later than September 25, 2011 I was entitled to an itemized statement concerning the disposition of the Security Deposit and a return of the remaining portion of the Security Deposit." | hearsay [FRE 802]; best evidence rule [FRE 1002] |
| | 116 | Barnes Decl., paragraph 132, page 35, lines 8-10:<br><br>"132.  Sellers never provided me with an itemization of the application (if any) of the Security Deposit, and Sellers never returned any portion of the Security Deposit to me." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403] |
| | 117 | Barnes Decl., paragraph 133, page 35, lines 13-16:<br><br>"133.  Under the Lease, I paid substantial sums for maintenance, repairs, alterations, renovations, Sellers' insurance and Sellers' real property taxes (collectively "Premises Costs") as required by the provisions of the Lease set forth above." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
| | 118 | Barnes Decl., paragraph 134, page 35, lines 17-21:<br><br>"134. I paid the Premises Costs because Sellers and I all understood that I was purchasing the Property. As I discussed with David York on more than one occasion, the Premises Costs I paid are costs typically paid by an owner of the benefitted property, and to paraphrase York's words, my family and I were going to own and live in the Property for the rest of our lives." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802] |
| | 119 | Barnes Decl., paragraph 135, page 35, lines 22-25:<br><br>"135.  When Sellers frustrated and blocked my ability to acquire the Property and Sellers breached the Transaction Documents, I lost, but Sellers' were unjustly enriched by, the | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper |

40

| | | | |
|---|---|---|---|
| | | hundreds of thousands of dollars in Premises Costs I paid to and for the benefit of Sellers and the Property." | opinion, argument or speculation [FRE 701] |
| | 120 | Barnes Decl., paragraph 136, page 35, lines 27-28:<br><br>"136. These two purchase agreements, for the home and the adjacent lot, again identify me as 'the Buyer.'" | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; hearsay [FRE 802]; lack of authentication [FRE 901]; best evidence rule [FRE 1002] |
| | 121 | Barnes Decl., paragraph 137, page 36, lines 1-5:<br><br>"137.  Paragraph 6 of the Option Agreement (Exhibit 'C' hereto) provides that once I exercise the Option, as I did, '[t]he Owners and Buyer shall thereafter proceed to complete the sale of the Property at the time and in the manner set forth in the Purchase Agreements **(which shall thereafter govern their respective rights and obligations.)**' *Option Agreement*, ¶6 (emphasis added)." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
| | 122 | Barnes Decl., paragraph 138, page 36, lines 6-8:<br><br>"138.  Even if the Option was not exercised, the Purchase Agreement is incorporated by reference into the Option Agreement under the delineated Recitals. *See Option Agreement, Recitals*." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
| | 123 | Barnes Decl., paragraph 141, page 36, lines 17-20:<br><br>"141.  Paragraph 10.2 (a) of the Purchase Agreement reiterates that the combined amount of the Deposit and Option Consideration I had paid at the time of exercising the Option was | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; lack of |

| | | | |
|---|---|---|---|
| | | credited to the purchase price of the Property. *Purchase Agreements ¶10.2(a)."* | authentication [FRE 901]; best evidence rule [FRE 1002]; parol evidence [Cal. Code Civ. Proc. § 1856] |
| | 124 | Barnes Decl., paragraph 143, page 36, lines 24-page 27, line 1:<br><br>"143.  Paragraph 2.3 of both Purchase Agreements further states that 'in the event the 'Escrow' fails to close for any reason after the 'Buyer Closing Conditions' in Paragraph 7 below have occurred, the Deposit shall become non refundable liquidated damages in accordance with Paragraph 11 below. *Id. ¶2.3.*" | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; lack of authentication [FRE 901]; best evidence rule [FRE 1002] |
| | 125 | Barnes Decl., paragraph 144, page 37, lines 2-3:<br><br>"144.  Paragraph 11 of both Purchase Agreements contains the liquidated damages provision that applies to the Agreement." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; lack of authentication [FRE 901]; best evidence rule [FRE 1002]; parol evidence [Cal. Code Civ. Proc. § 1856] |
| | 126 | Barnes Decl., paragraph 145, page 37, lines 4-16:<br><br>"145.  Paragraph 11 first states:<br>The **Seller and Buyer have discussed and negotiated in good faith** the **question of the damages** that would be incurred by the Seller if the Buyer fails to complete their acquisition of the Property for any reason after the Buyer Closing Conditions have occurred (a 'Buyer Default'); and the **Seller and Buyer have endeavored to reasonably estimate such damages** and they agree that (a) the **damages are and will be impracticable or extremely difficult to fix**, (b) **liquidated damages in the** | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; hearsay [FRE 802]; lack of authentication [FRE 901]; best evidence rule [FRE 1002] |

| | | | |
|---|---|---|---|
| | | **amount of the Deposit are reasonable**, and (c) in the event of a Buyer Default, the Seller shall have the unconditional right to obtain and retain the Deposit as liquidated damages without any notice to or approval from the Buyer.<br>*Purchase Agreement ¶11 (emphasis added)."* | |
| | 127 | Barnes Decl., paragraph 146, page 37, line 17-page 38, line 2:<br><br>"146.  At no time during the initial documentation of the transaction in August-September 2007, when Weiss drafted the Purchase Agreement and other Transaction Documents such as the Option Agreement, was the subject of liquidated damages ever discussed, much less negotiated. Of course, as set forth above and in Exhibit 'L' hereto, Weiss refused to negotiate *any* of the provisions of the Transaction Documents. Negotiation or discussion of liquidated damages never occurred at any time after I signed the Transaction Documents in September 2007. Specifically, liquidated damages was never discussed or negotiated either in connection with the Amended Agreement in 2009, after I exercised the Option in January 2011 or at any other time." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802] |
| | 128 | Barnes Decl., paragraph 147, page 38, lines 3-8:<br><br>"147.  During the entire period of my dealings with Sellers from 2007 through 2011, no one ever discussed with me or my counsel that 'damages are and will be impracticable or extremely difficult to fix' nor did anyone 'endeavor to reasonably estimate such damages.' *Purchase Agreement ¶11*. Neither my counsel nor I ever agreed at any time during this period that "liquidated damages in the amount of the Deposit are reasonable. *Id.*" | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |

43

| | | |
|---|---|---|
| 129 | Barnes Decl., paragraph 148, page 38, lines 9-10:<br><br>"148.  I never discussed Paragraph 11 or liquidated damages with Sellers or their counsel. I never initialed Paragraph 11 of either Purchase Agreement." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |
| 130 | Barnes Decl., paragraph 149, page 38, lines 11-16:<br><br>"149.  When I paid the installments of the down payment with the so-called 'Option Consideration' payments provided in the Option Agreement and the Amended Agreement, I was not given a liquidated damages provision to review or sign, and I did not receive, initial or sign a liquidated damages provision in connection with any payment of Option Consideration during the period 2007 through 2011." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |
| 131 | Barnes Decl., paragraph 150, page 38, lines 17-20:<br><br>"150.  Specifically, I did not sign or initial Paragraph 11 of the Purchase Agreement. Since Sellers never delivered a signed copy of either Purchase Agreement to the escrow, I do not believe that any Seller or Defendant ever signed or initialed the provisions of Paragraph 11 of the Purchase Agreement." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |
| 132 | Barnes Decl., paragraph 151, page 38, lines 22-26:<br><br>"151.  By March of 2009, I had paid $2,365,600 in 'option' payments and made all other payments according to the Agreement. I had a young daughter and my wife was pregnant with our second child. I had spent my life savings on the first $1,200,000 'option' payment. Although I faithfully made all my | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802] |

| | | | |
|---|---|---|---|
| 1 2 | | payments on time or early, my financial obligations to Sellers were becoming difficult." | |
| 3 4 5 6 7 8 9 10 11 | 133 | Barnes Decl., paragraph 152, page 38, line 27-page 39, line 3: "152.  Around this time, York told me that the only way I could assume the 2007 Mortgage was to increase my 'option' payments to build up more equity in the Property, and York urged me to do so quickly. As I had already invested so much in the Property I succumbed to Sellers' demand to increase the monthly payments by paying $50,000 per month additional 'Option Consideration.'" | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; parol evidence [Cal. Code Civ. Proc. § 1856] |
| 12 13 14 15 16 17 18 19 20 21 22 23 | 134 | Barnes Decl., paragraph 153, page 39, lines 4-11: "153.  I also believed, as Sellers had previously told me, that Sellers would only allow me to assume their 2007 mortgage or assist me with other financing for the Property if I agreed to pay an additional $50,000 per month to increase my equity. As York, and the other Sellers demanded, I agreed to pay an additional $50,000 a month option payment, which was to be credited to the purchase price of the Property. I believed that agreeing to pay an additional $50,000 per month as provided in the Amended Agreement was the *quid pro quo* for Sellers' agreement to allow me to assume the 2007 mortgage or provide me with financing." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; parol evidence [Cal. Code Civ. Proc. § 1856] |
| 24 25 26 27 28 | 135 | Barnes Decl., paragraph 155, page 39, lines 14-15: "155.  The Amended Agreement did not extend the term of the Lease and did not otherwise modify the Lease Agreement or the Lease Addendum." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best |

| | | | evidence rule [FRE 1002] |
|---|---|---|---|
| 136 | Barnes Decl., paragraph 156, page 39, lines 16-20: | "156.  Under the Amended Agreement I agreed to pay the increased amount of $7,150,000 in annual and monthly installment payments. The Amended Agreement also extended the time period for exercising the option from four (4) to five (5) years, a substantive change that necessitated amendment of the recorded Memorandum of Option." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
| 137 | Barnes Decl., paragraph 157, page 39, lines 21-23: | "157.  Starting in May of 2009, I paid (a) total annual option payments of $1,600,000 and (b) almost $800,000 a year in rent and other expenses for the Property, for (c) *a total outlay of over $2,400,000 a year toward the Property.*" | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403] |
| 138 | Barnes Decl., paragraph 158, page 39, line 24-page 40, line 3 and footnote 9: | "158.  Despite signing the Amended Agreement on April 11, 2009, and making monthly $100,000 payments pursuant to that Amended Agreement, on or around August 3, 2010, I discovered that the Option Memorandum recorded on November 9, 2007 had not been amended to reflect the Amended Agreement. Moreover, I learned that Sellers had not even executed the Amended Agreement. The Amended Agreement was finally executed on August 30, 2010, after my attorney harassed Sellers' attorney for weeks to obtain a fully executed Amended Agreement required for the recording.  "I believe Sellers failed to execute the Amended Agreement for almost seventeen (17) | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802] |

| | | | |
|---|---|---|---|
| | | months to prevent the recording of the Amended Option Memorandum which would have made it more difficult for Sellers to illegally use the Property as security for other loans and commitments. When the Amended Agreement was finally executed seventeen (17) months later, Sellers never recorded the amendment to the Option Memorandum. I also believe that Sellers may have used the Property as security for additional loans while I was paying option payments and they did not want to show my interest in the Property on the title." | |
| | 139 | Barnes Decl., paragraph 159, page 40, lines 4-9:<br><br>"159.  Throughout the transaction, I always paid as much as I could toward the purchase price of the Property throughout the year, even though the payments were not due pursuant to the Agreement until September 5th of each year. In fact, believing that I was increasing my equity in the Property, I often paid a substantial portion of the $1,000,000 annual installment payments months before they were actually due." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403] |
| | 140 | Barnes Decl., paragraph 160, page 40, lines 10-15:<br><br>"160.  Additionally, I always made timely payments on the Property because pursuant to the Agreement, I was only allowed three (3) calendar days after receiving written notice of a late payment from Sellers to pay the full amount due – otherwise I would be considered in default. Thus, if I had been late on a single payment of $50,000 for "monthly rent," premises costs, or insurance premiums, I would have lost my entire multi-million-dollar investment in the Property." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; best evidence rule [FRE 1002] |

| | | |
|---|---|---|
| 141 | Barnes Decl., paragraph 161, page 40, lines 16-19:<br><br>"161.  In summary, the Amended Option Agreement not only extended the life of the Option Term, it increased the Option Consideration I was required to pay to seven million, one hundred and fifty thousand dollars ($7,150,000.00)." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
| 142 | Barnes Decl., paragraph 162, page 40, lines 20-22:<br><br>"162.  Doing the math, I was required to pay almost fifty percent (50%) of the $14.75 million purchase price of the Property allegedly for the "privilege" of an option to purchase the Property." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |
| 143 | Barnes Decl., paragraph 163, page 41, lines 1-6:<br><br>"163.  For the reasons set forth above, I was ultimately unable to complete the purchase of the Property due to Defendants' breaches and fraudulent conduct. Therefore, I only paid five million, four hundred and fifty thousand dollars ($5,450,000.00) in so-called Option Consideration, which still represents approximately 36.9% of the purchase price of the Property." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |
| 144 | Barnes Decl., paragraph 166, page 41, line 19-page 42, line 6:<br><br>"166.  The First Cause of Action for Breach of Contract in the ASC alleges the following breaches, each of which is an Attachment Claim:<br>a. Failing and refusing to refund all or any part of the $5,450,000 in installment payments of the purchase price of the Property, the so-called 'Option Consideration,' which were in fact | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |

| | | | |
|---|---|---|---|
| | | either invalid and excessive liquidated damages in violation of Civil Code §1671 *et seq.* or installment payments of the purchase price, which cannot be forfeited under applicable law (*ASC ¶241.a.*);<br>b. Failing and refusing to refund the $50,000 security deposit paid under the Lease Agreement (*ASC ¶241.b*); and<br>c. Failing and refusing to account for all monies I paid to Sellers and for the benefit of Sellers and the Property and retaining without compensation or repayment to Plaintiff the millions of dollars in benefits that I conferred on Sellers and the Property (*ASC ¶241.q*)." | |
| | 145 | Barnes Decl., paragraph 167, page 42, lines 7-20:<br><br>"167.  The Second Cause of Action for the Common Count of Money Had And Received alleged in the ASC alleges that Defendants are liable to me for the following amounts, each of which is an Attachment Claim:<br>a. The $5,450,000 in installment payments of the purchase price of the Property, the so-called 'Option Consideration,' which were in fact either invalid and excessive liquidated damages in violation of Civil Code §1671 *et seq.* or installment payments of the purchase price, which cannot be forfeited under applicable law (*ASC ¶245.a*);<br>b. The repair, maintenance and Premises Costs paid under the Lease Agreement that benefitted Sellers and the Property and which totaled approximately $295,777 (*ASC ¶245.b*); and<br>c. The taxes and insurance I paid for Sellers, which totaled approximately $368,021 (*ASC ¶245.c.; SAC ¶__*)." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |
| | 146 | Barnes Decl., paragraph 168, page 42, lines 21-24:<br><br>"168.  Because the Agreement and Amended | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time |

| | | | |
|---|---|---|---|
| | | Agreement are express contracts, the Attachment Claims for money based on the Agreement and Amended Agreement collectively constitute a claim on which an RTAO and Writ of Attachment may be issued." | [FRE 403]; improper opinion, argument or speculation [FRE 701]; parol evidence [Cal. Code Civ. Proc. § 1856] |
| | 147 | Barnes Decl., paragraph 169, page 42, line 27-page 43, line 2:<br><br>"169.  A cause of action for the Common Count of Money Had and Received states a cause of action based on a contract implied by law and is a claim on which an RTAO and Writ of Attachment may issue. *See, e.g., McCall v. Superior Court,* 1 Cal.2d 527, 531 (1937)." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |
| | 148 | Barnes Decl., paragraph 170, page 43, lines 6-8:<br><br>"170.  The Attachment Claim for refund of the $50,000 Security Deposit is fixed and readily ascertainable by reference to Paragraphs 4.A., 4.C. and 5 of the Lease Agreement (Exhibit 'D' hereto)." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
| | 149 | Barnes Decl., paragraph 171, page 43, lines 9-14:<br><br>"171.  Paragraph 4.A. of the Lease Agreement further provides that '[w]ithin 21 days after Tenant vacates the Premises, Landlord shall (1) furnish Tenant an itemized statement indicating the basis for the disposition of the Security Deposit, and supporting documentation as required by California Civil Code § 1950.5(g); and (2) return any remaining portion of the Security Deposit to Tenant.' *Lease Agreement, Exh. 'D' hereto, at ¶4.A.*" | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
| | 150 | Barnes Decl., paragraph 172, page 43, lines 16-18:<br><br>"Under the Lease Agreement, Sellers were | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; |

| | | |
|---|---|---|
| | obligated to account to me for the Security Deposit and return any remaining portion of the Security Deposit to me not later than September 25, 2011." | unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
| 151 | Barnes Decl., paragraph 173, page 43, lines 19-22:<br><br>"173.  Sellers have never accounted to me for the disposition of the Security Deposit, have never provided me with the documentation required by Civil Code §1950.5(g) and have never repaid any portion of the $50,000 Security Deposit to me." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |
| 152 | Barnes Decl., paragraph 174, page 43, lines 23-26:<br><br>"174.  Accordingly, Sellers' indebtedness to me for repayment of the entire balance of the $50,000 Security Deposit is a fixed and readily ascertainable contract debt under the Lease Agreement for which I seek an RTAO and Writ of Attachment." | Irrelevant [FRE 402];unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |
| 153 | Barnes Decl., paragraph 175, page 44, lines 3-6:<br><br>"175.  The other fixed or readily ascertainable breach-of-contract Attachment Claim on which I seek an RTAO and a Writ of Attachment is my claim that under the Agreement and California law the Sellers are obligated to repay me the so-called 'Option Consideration.'" | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; parol evidence [Cal. Code Civ. Proc. § 1856] |
| 154 | Barnes Decl., paragraph 176, page 44, lines 7-9:<br><br>"176.  The amount of the so-called 'Option Consideration' is fixed or readily ascertainable | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper |

51

| | | | |
|---|---|---|---|
| | | by reference to Paragraph 3 of the Option Agreement (*Exh. 'C' at ¶3(a)-3(d)*) and Paragraph 1 of the Amended Agreement (*Exh. 'F' at ¶1*)." | opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
| | 155 | Barnes Decl., paragraph 182, page 46, lines 6-11:<br><br>"182.  As set forth in detail in the Schedule of Option Consideration Payments attached as Exhibit 'M,' between September 1, 2007 and August 3, 2011, I paid Sellers $5,450,000 in Option Consideration Payments. Accordingly, the amount of Option Consideration Payments that Sellers are obligated to repay to me is a fixed and readily and thus ascertainable indebtedness amount based on a contract that meet the certainty requirement of CCP §483.010(a)." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; parol evidence [Cal. Code Civ. Proc. § 1856] |
| | 156 | Barnes Decl., paragraph 183, page 46, lines 14-17:<br><br>"183.  The Second Cause of Action in the Pleadings alleges the common count claim of Money Had And Received for monies I paid to or for the benefit of Sellers that benefitted the Property. Sellers will be unjustly enriched if these monies are not refunded to me." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |
| | 157 | Barnes Decl., paragraph 184, page 46, lines 18-21:<br><br>"184.  As set forth above, the Common Counts on which I seek a Writ of Attachment are (i) the $5,450,000 in Option Consideration Payments that Sellers are legally obligated to refund to me; (ii) the maintenance, repair and Premises Costs that I paid; and (iii) the Sellers' taxes and insurance that I paid." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; parol evidence [Cal. Code Civ. Proc. § 1856] |
| | 158 | Barnes Decl., paragraph 185, page 46, lines 22- | Irrelevant [FRE 402]; |

52

| | | |
|---|---|---|
| | 24:<br><br>"185.  The immediately preceding section sets forth why the Option Consideration Payments are a fixed and readily ascertainable amount, and I incorporate by reference those paragraphs here." | unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |
| 159 | Barnes Decl., paragraph 187, page 47, lines 4-6:<br><br>"187.  Paragraph 10 of the Lease Addendum required me, the tenant, to obtain and pay for insurance to protect – not my own interest in the Property – but the Sellers' interest. *Lease Addendum ¶10.*" | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
| 160 | Barnes Decl., paragraph 188, page 47, lines 7-9:<br><br>"188.  The payment of taxes and insurance on the Property benefitted the Property and Sellers. Sellers and the Property are unjustly enriched unless the amounts I paid for taxes and the Sellers' insurance are refunded to me." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |
| 161 | Barnes Decl., paragraph 189, page 47, lines 10-13:<br><br>"189.  Attached hereto as Exhibit 'N' is a true and correct copy of a Schedule of Tax and Insurance Payments that I made to Sellers or for the benefit of the Property and Sellers during the period September 1, 2007 through and including August 3, 2011, including the date on which each such payment was made." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; lack of authentication [FRE 901] |
| 162 | Barnes Decl., paragraph 190, page 47, lines 24-28:<br><br>"Exhibit 'N' was prepared and checked for accuracy under my direction and is a true, correct and accurate statement of the amount | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper |

| | | | |
|---|---|---|---|
| | | and date paid of all Tax and Insurance Payments I made to Sellers or for the benefit of the Property and Sellers during the period September 1, 2007 through and including August 3, 2011." | opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; lack of authentication [FRE 901] |
| | 163 | Barnes Decl., paragraph 191, page 48, lines 1-7:<br><br>"191. As set forth in detail in the Schedule of Tax and Insurance Payments attached as Exhibit 'N,' between September 1, 2007 and August 3, 2011, I paid $368,021.75 in Tax and Insurance Payments to Sellers or for the benefit of the Property and Sellers. Accordingly, the amount of Tax and Insurance Payments that Sellers are obligated to repay to me is a fixed and readily ascertainable indebtedness based on a contract amount that meets the certainty requirement of CCP §483.010(a)." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; parol evidence [Cal. Code Civ. Proc. § 1856] |
| | 164 | Barnes Decl., paragraph 192, page 48, lines 10-12:<br><br>"192. As previously set forth in detail, Paragraph 22.A. of the Lease Agreement (Exhibit 'D' hereto) imposed all costs of repairing, maintaining and improving the Property on me as the tenant." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; best evidence rule [FRE 1002] |
| | 165 | Barnes Decl., paragraph 193 page 48, lines 13-20:<br><br>"193. Paragraph 22.A. imposed on me the obligation to pay for 'the remediation of any 'Hazardous Substance,'' as well as the obligation to make 'restorations, replacements or renewals' of 'the swimming pool, all exterior walls of the Residence, equipment or facilities (such as plumbing, HVAC equipment, electrical, lighting facilities, fire protection system). fixtures, walls (interior and exterior), foundations, ceilings, roofs, drainage, systems. | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; best evidence rule [FRE 1002] |

| | | |
|---|---|---|
| | floors, windows. doors. glass, skylights, landscaping, driveways, fences, retaining walls, sidewalks and parkways located in, on, or adjacent to the Premises.'" | |
| 166 | Barnes Decl., paragraph 194, page 48, lines 21-23:<br><br>"194.  Moreover, paragraph 22.C. of the Lease Agreement imposed on me the obligation to pay for any 'modification or additions to comply with the Americans with Disabilities Act ('ADA').'" | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; best evidence rule [FRE 1002] |
| 167 | Barnes Decl., paragraph 195, page 48, line 24-page 49, line 5:<br><br>"195.  I have reviewed the invoices and records of payment from my personal and business financial books and records to determine the monies that I spent to maintain and improve the Property during the period September 5, 2007 through September 4, 2011. I have caused to be prepared the Schedule of Maintenance and Improvements Payments of which a true and correct copy is attached hereto as Exhibit 'O.' By way of example only, those Maintenance and Improvements Payments included $116,786.28 for Gardening, $13,255 for Heating and Maintenance, $10,856.81 for Handyman, $25,277.77 for Outside Services, $9,091.97 for Plumbing, $4,431.13 for Pool Services, $3,010.81 for Building Repairs, $103,667.74 for Repair and Maintenance and $9,400 for Other Expenses." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; lack of authentication [FRE 901] |
| 168 | Barnes Decl., paragraph 196, page 49, lines 16-20:<br><br>"Exhibit 'O' was prepared and checked for accuracy under my direction and is a true, correct and accurate statement of the amount and date paid of all Maintenance and | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper |

| | | |
|---|---|---|
| | Improvements Payments I made for the benefit of the Property and Sellers during the period September 5, 2007 through and including September 4, 2011." | opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; lack of authentication [FRE 901] |
| 169 | Barnes Decl., paragraph 197, page 49, lines 21-24:<br><br>"197.  As set forth in detail in the schedule of Maintenance and Improvements Payments attached as Exhibit 'O,' between September 5, 2007 and September 4, 2011, I paid $295,777.51 in Maintenance and Improvements Payments for the benefit of the Property and Sellers." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |
| 170 | Barnes Decl., paragraph 198, page 49, lines 25-28:<br><br>"198.  Accordingly, the amount of Maintenance and Improvements Payments that Sellers are obligated to repay to me is a fixed or readily ascertainable indebtedness amount based on a contract that meets the certainty requirement of CCP §483.010(a)." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; parol evidence [Cal. Code Civ. Proc. § 1856] |
| 171 | Barnes Decl., paragraph 200, page 50, lines 11-15:<br><br>"Under California law, a *lis pendens* does not preclude any party from seeking an attachment, injunction, or other relief in connection with a real property claim or the expungement of a notice. *See CCP §405.8.* Thus, the Attachment Claims are unsecured indebtedness of the Sellers to me." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |
| 172 | Barnes Decl., paragraph 202, page 50, line 23-page 51, line 2:<br><br>"202.  I have extensively researched the business activities of these Defendants in publicly available records maintained by, | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time |

| | | | |
|---|---|---|---|
| | | among other governmental entities, the California Secretary of State. Based on that research, and further based on representations made to me by Messrs. York and Separzadeh and their counsel Robert C. Weiss, I am informed and believe and thereon state that these Defendants are individually, jointly and collectively engaged in the business of real estate investment, including the financing, sale and rental of real property such as the Property." | [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802] |
| | 173 | Barnes Decl., paragraph 203, page 51, lines 3-4:<br><br>"203.  The Attachment Claims thus arise out of the conduct by these Defendants of a trade, business or profession." | Lack of foundation or personal knowledge [FRE 602]; improper opinion, argument or speculation [FRE 701] |
| | 174 | Barnes Decl., paragraph 206, page 51, line 18-page 52, line 3:<br><br>"206.  The following are the amounts the Application seeks to secure with an RTAO and Writ of Attachment:<br><br>'Option' Payments That Must Be Refunded: $5,450,000<br>Prejudgment Interest on Option Payments: $2,357,684.96<br>Security Deposit $50,000<br>Prejudgment Interest on Security Deposit: $21,273.93<br>Tax and Insurance Payments: $368,021.75<br>Prejudgment Interest on Tax Payments: $159,207.26<br>Maintenance and Improvement Payments: $295,777.51<br>Prejudgment Interest on Maintenance and Improvement Payments: $190,678.57 | Irrelevant [FRE 402]; improper opinion, argument or speculation [FRE 701] |

| | | | |
|---|---|---|---|
| | | Attorney's Fees: $1,500,000<br>Costs: $100,000<br>**TOTAL AMOUNT OF RTAO**:<br>$10,892,643.98" | |
| | 175 | Barnes Decl., paragraph 207, page 52, lines 5-6:<br><br>"207. I am entitled to prejudgment interest under the provisions of CCP §3287 and CCP §3289." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701] |
| | 176 | Barnes Decl., paragraph 208, page 52, lines 7-24:<br><br>"208. CCP §3287(a)-(b) provides, in pertinent part:<br>(a) A person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day, except when the debtor is prevented by law, or by the act of the creditor from paying the debt. This section is applicable to recovery of damages and interest from any debtor, including the state or any county, city, city and county, municipal corporation, public district, public agency, or any political subdivision of the state.<br>(b) Every person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403] |
| | 177 | Barnes Decl., paragraph 209, page 52, lines 25-28: | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time |

| | | | |
|---|---|---|---|
| 1 | | "209.<br>CCP §3289(b) provides in pertinent part that<br><br>'[i]f a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach.'" | [FRE 403] |
| 6 | 178 | Barnes Decl., paragraph 210, page 53, lines 1-9:<br>"201.  I caused prejudgment interest to be calculated at the rate of 10% per annum on the Option Consideration (Schedule attached as Exhibit 'M'), the $50,000 Security Deposit, the amounts I paid for insurance and taxes (Schedule attached as Exhibit 'N') and the amounts I paid for maintenance and repair costs (Schedule attached as Exhibit 'O'). Schedules showing the calculation of prejudgment interest for each of the foregoing amounts are attached here as Exhibit 'P' (Prejudgment Interest on Option Consideration), Exhibit 'Q' (Prejudgment Interest on Security Deposit), Exhibit 'R' (Prejudgment Interest on Taxes and Insurance) and Exhibit 'S' (Prejudgment Maintenance and Repair Costs)." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; lack of authentication [FRE 901] |
| 20 | 179 | Barnes Decl., paragraph 211, page 53, lines 10-21:<br>"211.  Prejudgment interest set forth on the schedules attached as Exhibits 'P' through 'S' was calculated using the following formula and methodology:<br><br>Formula utilized: I = P x R x T<br>P is the principal amount of payment(s) made to Sellers.<br>R is the interest rate, 10% per year as per Cal. Civ. Code § 3289(b), or in decimal form, 10/100=0.1. | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602] |

| | | | |
|---|---|---|---|
| 1 2 3 4 5 6 | | T is the time involved, calculated in days from the date payment was made through January 1, 2016. Since the interest rate is 'per year' and the time interval is 'days' time interval, days were converted into years by multiplying the number of days by 0.00273791 in order to convert the time involved from days to years." | |
| 7 8 9 10 11 12 13 14 15 | 180 | Barnes Decl., paragraph 214, page 54, lines 15-20: "214.  I understand Paragraph 19 to allow for recovery of my actual attorneys' fees and costs without regard to those amounts or items of cost that may not be recoverable pursuant to statute or rule. Accordingly, I have determined the actual attorneys' fees and costs I have incurred to date and have made an estimate of the actual attorneys' fees and costs I am likely to incur in litigating this matter to conclusion." | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; best evidence rule [FRE 1002] |
| 16 17 18 19 20 21 22 23 24 25 26 27 28 | 181 | Barnes Decl., paragraph 215, page 54, line 21-page 55, line 1: "215.  I have reviewed the business records of Harrison Barnes, A Professional Law Corporation, that contain the billing and time records of all attorneys, law clerks and support staff who are or have been employed by the law firm during the period January 1, 2014 through the present. I have analyzed those billing and time records to determine the amount of time and the cost thereof for all attorneys, law clerks and support staff who have been involved in the investigation, research and litigation of this matter to date. I have calculated the number of hours and the cost to me for such time for the attorneys, law clerks and support staff who have performed services on this matter." | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; best evidence rule [FRE 1002] |

| | | | |
|---|---|---|---|
| 182 | Barnes Decl., paragraph 216, page 55, lines 2-8:<br><br>"216.  Based upon my review and analysis of these billing and time records of Harrison Barnes, A Professional Law Corporation in connection with the research and litigation of this matter, I have incurred $350,000 in actual attorneys' fees and costs to date, and further estimate based upon the complexity of the underlying transaction, intricate web of Defendants' entities and further research, investigation and required litigation, I will incur a total of approximately $1,500,000 in attorneys' fees and $100,000 in costs." | | Irrelevant [FRE 402]; lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; best evidence rule [FRE 1002] |
| 183 | Barnes Decl., paragraph 218, page 55, lines 14-17:<br><br>"218.  No Defendant has a money judgment against me. In the Arbitration, Defendants have answered my initial Statement of Claim. No Defendant alleged a cross-complaint or counter-claim, and no Defendant alleged by way of the answer any amount such Defendant claimed I owed." | | Irrelevant [FRE 402]; unfair prejudice, confusing the issues, or waste of time [FRE 403] |
| 184 | Barnes Decl., paragraph 219, page 55, line 18, page 56, line 2:<br><br>"219.  Defendants may attempt to assert that they have damages that should be deducted from the amounts owed to me. Defendants have no damages in connection with this transaction. As demonstrated by Exhibit 'B' hereto, Defendants acquired the Property at a Trustees' sale in 2006 for $200,000 -- $100,000 for 23430 [sic] PCH and $100,000 for 23434 [sic] PCH. In September 2007, Defendants sold the Property to me for $14.75 million – a **7,275% rate of return** on the 'investment' of $200,000. Put another way, I paid Defendants slightly less than $8 million in | | Lack of foundation or personal knowledge [FRE 602]; unfair prejudice, confusing the issues, or waste of time [FRE 403]; improper opinion, argument or speculation [FRE 701]; hearsay [FRE 802]; lack of authentication [FRE 901]; best evidence rule [FRE 1002] |

| | | | |
|---|---|---|---|
| | | Option Consideration, Premises Costs and other costs charged to me under the Lease. Therefore, when I left the Property in September 2011, Defendants had achieved a **3,859% rate of return** on their 'investment' of $200,000 – **plus** Defendants retained the Property, which has a current fair market value of at least $10,000,000 and has continued to produce hundreds of thousands of dollars in rental and other income for Defendants from the current tenants." | |
| | 185 | Barnes Decl., paragraph 220, page 56, lines 32-4:<br><br>"220.  I have not yet posted a bond for the Writ of Attachment, but commit to doing so before the Writ is issued." | Irrelevant [FRE 402]; improper opinion, argument or speculation [FRE 701] |

DATED: February 16, 2016

TOM LALLAS
LEVY, SMALL & LALLAS
A Partnership Including Professional Corporations


By:_____ /s/ Tom Lallas_____
          TOM LALLAS

Attorneys for Defendants
Crown Jewels, LLC, Kona Crown
Holdings, LLC, Malibu Investment Group,
LP, 32430 PCH, LLC, Mayer Separzadeh,
Annette Separzadeh, Republic Western
Investments Co, LLC, and David York

31995