UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4098 ODW (MRWx) | Date | March 3, 2016 |
|---|---|---|---|
| Title | Barnes v. Crown Jewels | | |

| Present: The Honorable | Michael R. Wilner | |
|---|---|---|
| Veronica McKamie | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None present | | None present |

**Proceedings:** ORDER DENYING APPLICATION FOR WRIT OF ATTACHMENT

The Court conducted a hearing on Plaintiff's application for a writ of attachment. (Docket # 44-77.) For the reasons discussed at the hearing, the application is DENIED. The Court supplements its ruling with the following statement of decision.

\* \* \*

In evaluating a writ application, Federal Rule of Civil Procedure 64 directs the Court to consider prejudgment procedures available under state law. California Code of Civil Procedure sections 483.010 and 484.090 set forth the standards by which such applications are evaluated. The basic elements that Plaintiff must establish are: (1) Plaintiff asserts a claim for damages based on an implied or express contract where the amount sought is fixed or ascertainable; (2) Plaintiff proves that the claim is probably valid; (3) the attachment is not sought for a purpose other than to recover on the claim; and (4) the amount to be secured is greater than zero. VFS Financing, Inc. v. CHF Express, LLC, 620 F. Supp. 2d 1092, 1095-96 (C.D. Cal. 2009) (citing cases).

The general purpose of the remedy of attachment is to allow "commercial creditors holding unsecured claims [ ] to create judicial liens on debtors' property before final adjudication of the claims sued upon." Ahart, California Practice Guide: Enforcing Judgments & Debts, ¶ 4:2 (The Rutter Group 2015) (emphasis omitted). The party seeking the writ bears the burden of proof on all elements. VFS Financing, 620 F. Supp. 2d at 1096. The requirements of the statute are "subject to strict construction" against the moving party. Pos-A-Traction, Inc. v. Kelly-Springfield Tire Co., 112 F. Supp. 2d 1178, 1181 (C.D. Cal. 2000).

Further, in evaluating the "probable validity" of a claim, a court must evaluate "the relative merits of the positions of the respective parties and make a determination of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-4098 ODW (MRWx) | Date | March 3, 2016 |
|---|---|---|---|
| Title | Barnes v. Crown Jewels | | |

probable outcome of the litigation." Studio 159, LLC v. Pophang, LLC, No. CV 12-7127 RGK (JEMx), 2012 WL 6675790 at *3 (C.D. Cal. 2012) (quoting Loeb & Loeb v. Beverly Glen Music, Inc., 166 Cal. App. 3d 1110, 1120 (1985)); Blastrac, N.A. v. Concrete Solutions & Supply, 678 F. Supp. 2d 1001, 1005 (C.D. Cal. 2010) ("it is not enough for the plaintiff to make out a prima facie case for breach of contract," but must present evidence in support of claim and to refute defense sufficient to allow court to "predict[ ] the probable outcome of the litigation"); Ahart, ¶ 4:264 ("a claim has probable validity where it is more likely than not that the plaintiff will obtain a judgment against the defendant on the claim").

As an added overlay, Plaintiff filed the request for prejudgment relief after the district court granted a motion compelling arbitration in the matter. (Docket # 31.) That ruling brings into play CCP section 1281.8(b), which allows a court to impose a remedy such as a writ of attachment "only upon the ground that the award to which the applicant may be entitled [in the arbitration] may be rendered ineffectual without provisional relief." The apparent insolvency of a party or "inability to otherwise pay damages are appropriate measures of irreparable harm that might render an arbitration award ineffectual." California Retail Portfolio Fund GmbH & Co. v. Hopkins Real Estate Group, 193 Cal. App. 4th 849, 858 (2011). That finding is in addition to the "statutory or common law requirements that pertain to the provisional remedy." Id. at 856; China Nat. Metal Products Import/Export Co. v. Apex Digital, Inc., 141 F. Supp. 2d 1013, 1208 (C.D. Cal. 2001), vacated on other grounds, 155 F. Supp. 2d 1174 (C.D. Cal. 2001).

A court's authority "to issue equitable relief in aid of arbitration" is well established; such "judicial interim relief may be necessary to preserve the meaningfulness of the arbitral process." Toyo Tire Holdings of Americas, Inc. v. Continental Tire North America, Inc., 609 F.3d 975, 980 (9th Cir. 2010). The issuance of a writ of attachment to preserve the status quo in an arbitration under such a circumstance is akin to a request for a preliminary injunction. Id. at 982. The evidentiary standard for obtaining this type of injunction is itself clear. The party seeking this relief "bears the heavy burden of making a clear showing that it was entitled" to relief by demonstrating the likelihood of success on the merits, the likelihood of irreparable harm, the balance of equities tips in the moving party's favor, and that the injunctive relief is in the public interest. Center for Competitive Politics v. Harris, 784 F.3d 1307, 1312 (9th Cir. 2015) (quotation omitted, emphasis added); c.f. California Retail Portfolio Fund, 193 Cal. App. 4th at 860 (noting "strong evidence" of defendant's insolvency and inability to pay arbitration award).

\* \* \*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4098 ODW (MRWx) | Date | March 3, 2016 |
|---|---|---|---|
| Title | Barnes v. Crown Jewels | | |

Applying these considerations here, the Court finds as a factual matter that Plaintiff has not made a clear showing that any arbitration award will likely be ineffectual in the absence of the requested writ of attachment. Plaintiff states that he needs the award due to suspicions of fraud and financial misconduct by the individuals and entities he is suing. Yet, Plaintiff's claims are based on the thinnest of evidence:

- old civil complaints (proof of nothing);

- observations that one of the defendants previously had a business relationship with a convicted felon (guilt by association);

- an "admission" of insolvency by another defendant (uncorroborated (in a format entirely different from the inculpatory documents in the California Retail Portfolio case)); and

- a chart showing the use of multiple business entities in transactions (meaningless).

(Docket # 44-1 at 8-9 and documents cited.) Plaintiff's evidentiary submission comes nowhere close to convincingly meeting the heavy burden required for this prejudgment relief under CCP section 1281.8. Toyo Tire, 609 F.3d at 980; Center for Competitive Politics, 784 F.3d at 1312. Bottom line – Plaintiff failed to prove that he is entitled to invoke this Court's equitable powers on this meager showing.[1]

Additionally, the Court has colorable doubts about Plaintiff's showing as to the "probable validity" of his claim in arbitration. Plaintiff certainly will be able to put on a hefty case to demonstrate his contractual and tort claims regarding the payments he made in the beach house transaction. But the defense clearly can marshal considerable factual and legal claims of real substance in opposition. Because there are so many open, disputed issues at the heart of the case, the Court has limited visibility in evaluating the probable outcome of the arbitration.

---

[1] Alternatively, even if this federal court were to use an iteration of the "substantial evidence" test (that is, did substantial evidence support the claim for relief?) that the state appellate court applied in California Retail Portfolio, Plaintiff would still fall far short. The evidence was resoundingly insubstantial in proving his entitlement to a provisional remedy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 14-4098 ODW (MRWx) | Date | March 3, 2016 |
| Title | Barnes v. Crown Jewels | | |

Blastrac, 678 F. Supp. 2d at 1005. That, too, is fatal to Plaintiff's claim for provisional relief in this Court under CCP sections 483.010 and 484.090.

Plaintiff's action is a far cry from the type of "commercial creditor" case for which provisional remedies such as an attachment order are typically ordered. Ahart, ¶ 4:2. For the reasons set forth above and stated at the hearing, the request for a writ of attachment is denied.

**This order constitutes a decision on a non-dispositive motion to which a party may file objections with the assigned district judge pursuant to Federal Rule of Civil Procedure 72(a).**